```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
           CHARLOTTE DIVISION
              3:10CV275-02-MU
```

```
DANITA MITCHELL,                        )
      Petitioner,[1]                    )
                                        )
          v.                            )       O R D E R
                                        )
DEAN LOVEN, Private Attorney;           )
LISA BELL, State Court Judge;           )
FELICIA McADOO, Mecklenburg County      )
  Chief Deputy Sheriff;                 )
DANIEL BAILEY, Mecklenburg County       )
  Sheriff; and                          )
THE STATE OF NORTH CAROLINA,            )
      Respondents.                      )
_____)
```

**THIS MATTER** is before this Court upon a document captioned as "Plaintiff's Motion & Petition for Relief By Writ Of Habeas Corpus; [and] Plaintiff's Motion & Petition For Writ Of Habeas Corpus Hearing" (Doc. No. 1), filed June 16, 2010.  No response is necessary from the Attorney General or the named Respondents, and no hearing is necessary.

### I. STANDARD OF REVIEW

A prisoner in custody under a state court judgment may attack her conviction and sentence on the grounds that it is in

---

[1] Although she refers to herself as the "plaintiff" throughout this pleading, inasmuch as this document has been captioned as a "Petition," the Court will refer to the movant as "Petitioner" and her opponents as "Respondents."

violation of the Constitution and/or the laws or treaties of the United States. 28 U.S.C. § 2254. However,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .

Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts. After a careful review of Petitioner's so-called Motion and Petition, for the reasons stated herein, the Court has determined that this action must be <u>dismissed</u>.

## II. **FACTUAL BACKGROUND**

Petitioner's Motion and Petition provides <u>no</u> information concerning her conviction(s) and/or sentence(s). However, the Court has reviewed a document which was filed in this Court in connection with a civil rights action which Petitioner has filed against these same Respondents.[2] Information gleaned from that document tends to establish that in June 2009, the District Court of Mecklenburg County convicted Petitioner of assaulting an employee of the Mecklenburg County Sheriff's Department and of first-degree trespass. (<u>Mitchell v. Loven, et al.</u>, Case No. 3:10cv148-C, Doc. No. 17 at 5). Thereafter, Petitioner appealed

---

[2]The undersigned has exercised its discretion and taken judicial notice of certain information that was set forth in a Motion to Dismiss which Respondent's filed in opposition to Petitioner's civil rights claims. <u>See</u> Fed.R.Evid. 201(2) (providing that a court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned).

her convictions, and on June 8, 2010, the Superior Court of Mecklenburg County again convicted her of those charges. (Id. at n.7).

On June 16, 2010, Petitioner filed the instant Motion and Petition purportedly seeking habeas corpus relief. (Doc. NO. 1). However, Petitioner's Motion and Petition merely states:

> Please advised [sic] Angelique or Kojo to
> call Judge Conrad['s] clerk to tell them
> [sic] Judge Boner is threaten[ing],
> oppress[ing], and violating my constitutional
> rights in jail for 44 day[s].

(Id.). Suffice it to say, however, Petitioner cannot establish an entitlement to habeas corpus relief on this record.

### III. **ANALYSIS**

First, it has not escaped the Court's attention that Petitioner has not even bothered to identify the habeas corpus provision under which she is seeking to proceed. In any event, the Court finds that it is unlikely that Petitioner is seeking to proceed under 28 U.S.C. § 2241 inasmuch as that provision is reserved for cases where the traditional habeas corpus relief under 28 U.S.C. § 2254, has been shown to provide an inadequate remedy and she has not even attempted to make such a showing here. Thus, § 2241 is not available under these circumstances.

Second, it appears that Petitioner sustained her convictions a mere eight days before she filed the instant Motion and Peti-

tion; therefore, she could not possibly have exhausted her State court remedies before bringing this action under 28 U.S.C. § 2254. As such, this Motion and Petition also is subject to summary dismissal for non-exhaustion. See 28 U.S.C. § 2254(b)-(1)(A) (an application for habeas corpus under this provision shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State).

Third, even if Petitioner's allegation was fully exhausted and she could somehow proceed under § 2254, such allegation -- that Judge Boner has threatened, oppressed and violated her constitutional rights by virtue of her 44-day detention –- is far too conclusory to state a constitutional claim for relief. Indeed, the law is clear that unsupported, conclusory allegations do not entitle a habeas petitioner to relief. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992).

## IV. CONCLUSION

Ultimately, this Court finds that Petitioner's allegation, which does not state a constitutional claim in any event, is not cognizable because it is unexhausted. Therefore, this Motion and Petition will be dismissed without prejudice to Petitioner's right to fully exhaust her allegation and re-file this action if she so chooses.

4

## V. ORDER

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion and Petition for Relief by Writ of Habeas Corpus is **DISMISSED** without prejudice; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court declines to issue a certificate of appealability as Petitioner will not be able to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (holding that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473 (2000)).

**SO ORDERED.**

Signed: June 29, 2010

Graham C. Mullen
United States District Judge